IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KILL JOE NEVADA, LLC

      Plaintiff,

v.

      CIVIL ACTION NO.
      1:13-cv-1511-JEC

DOE 1,

      Defendant.

**ORDER & OPINION**

This matter is presently before the Court on a *pro se* motion to quash [9] filed by one of the previously-severed defendants.

The plaintiff filed in this district the above copyright action, as well as eleven (11) other essentially identical actions, against anonymous defendants who were identified only by their internet protocol ("IP") addresses. Plaintiff asserted that these anonymous defendants had worked collectively to infringe its copyright. (Compl. [1] at ¶ 4.)

This Court, however, concluded that the plaintiff had not sufficiently asserted facts to justify the joinder of these anonymous defendants. (May 28, 2013 Order [5].) Therefore, the Court severed all of the John Does in each case, except for each John Doe #1, and dismissed the actions against these other John Does without

prejudice.  The Order indicated that the plaintiff could re-file its complaint against each severed defendant, individually, if it chose to do so.  (*Id.* at 11.)

Unfortunately, prior to severing the defendants, the Court had granted plaintiff's initial motion to subpoena the anonymous defendants' cable service providers, as the defendants were known only by their IP addresses.  (Vacated Order of May 8, 2013 [4].) After vacating this order and severing the defendants, the Court directed plaintiff to notify the cable providers of the dismissal of these defendants and to withdraw the previously-issued subpoenas to ensure that the ISPs and all of the severed defendants knew that they were no longer named as defendants in the case.  (June 19, 2013 Order [6] at 4-5.)

The present defendant received a notice from her cable provider, dated June 14, 2013, that her IP address had been identified in the plaintiff's complaint and that they would be providing her contact information in accordance with the subpoena.  (Letter from Comcast, attached to Def.'s Mot. to Quash [9].  The defendant's IP address is 98.242.80.34.  (Letter from Comcast [9] at 1.)  According to the complaint, this IP address corresponds to John Doe #12.  (Compl. [1] at Ex. A.)  Therefore, this defendant has already been severed from this action and the case against her has been dismissed without prejudice.  (*See* June 2013 Order [6].)  This defendant was almost

certainly unaware of this Court's June 19 Order dismissing her as a defendant. For that reason, she seeks to quash the subpoena. (Def.'s Mot. to Quash [9].)

Normally, the Court would deny as moot a motion to quash by a defendant who had been dismissed. Moreover, at the direction of the Court, the plaintiff has filed a "Compliance Report" [6] indicating that the plaintiff has sent letters to all previous-subpoenaed Internet Service Providers, indicating that the plaintiff was withdrawing and rescinding all previously-issued subpoenas except as to the John Doe #1 in each case. That notification by plaintiff to the ISPs should provide protection to this defendant as well. Yet, to avoid any confusion by the ISP or any chance of an erroneous disclosure, the Court will formally **GRANT** this defendant's motion to quash the subpoena.

The Clerk is **DIRECTED** to send to defendant, along with this order, copies of the June 19, 2013 Order [8] and the plaintiff's June 28 Compliance Report [6].

SO ORDERED, this 12th day of July, 2013.

/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

3

AO 72A
(Rev.8/82)